UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK MATTISON AND HEIDI
MATTISON,

      Plaintiffs,

v.                                Case No.:  8:11-cv-1336-T-EAK-TBM

HOMECOMINGS FINANCIAL, LLC F/K/A
HOMECOMINGS FINANCIAL NETWORK, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AURORA LOAN SERVICES, LLC.,

      Defendants.
_____/

## ORDER ON MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

THIS CAUSE is before this Court on Defendants', AURORA LOAN SERVICES, LLC ("AURORA") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants,"), motion to dismiss complaint and incorporated memorandum of law (Doc. 18) and Plaintiffs', MARK MATTISON and HEIDI MATTISON ("The Mattison's"), response thereto (Doc. 26). For the following reasons, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

    I.    *Factual Background*

The Mattisons' commenced an action for quiet title on May 12, 2011, in the Thirteenth Judicial Circuit of Hillsborough County against Defendants and HOMECOMINGS FINANCIAL, LLC. On June 16, 2011, the state action was removed to this Court pursuant to 28 U.S.C. 1446(d), for diversity jurisdiction. Defendants and the Mattisons are citizens from

different states and the amount in controversy is over (Seventy Five Thousand dollars). (Doc.1). This action to quiet title is for property located at 5148 Pheasant Woods Drive, Lutz, Florida ("Property in Controversy"). The Mattisons have possession of the Property in Controversy, which had a note and mortgage held by the Defendants and Co-defendant, HOMECOMINGS FINANCIAL. The Mattisons are alleging that Defendants no longer hold a valid note and/or mortgage. The Mattisons are seeking to quiet title and determine the Defendants' and Co-Defendant's property rights and interests.

II.   *Standard of Review*

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson,* 355 U.S. 41, 47 (1957). *Twombly,* 550 U.S. at 563.

While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. As a general proposition the rules of the pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id* at 570. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the

defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erikson v. Pardus*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly* at 555-56.

The Supreme Court has since applied the Twombly plausibility standard to another civil action, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). In evaluating the sufficiency of Iqbal's complaint in light of *Twombley's* construction of Rule 8, the Court explained the "working principles" underlying its decision in *Iqbal*. 129 S.Ct. at 1949. First, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, restating the plausibility standard, the Court held "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- - but it has not 'show [n]'-'that the pleader is entitled to relief.' "*Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951-52 (quoting *Twombly* at 567). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to civil actions because it is an interpretation of Rule 8. *Id.* at 1953.

III.   *Discussion*

    a.   *Cloud of Title*

The Florida Supreme Court has previously addressed the issue of quiet title. "It is elementary that in a suit to quiet title against an alleged cloud the complaint must contain sufficient allegations to show a cause of action. Such a complaint must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it. Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953) and *Tibbetts v. Olson*, 91 Fla. 824, 108 So. 679; Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173. The Mattisons, in an attempt to support the existence of a cloud of title, made allegations to question the validity of the mortgage. (Doc. 3 ¶ 9). While this Court remains uncertain as to the Mattison's basis for quiet title, the basis seems to be the involvement of MERS and separating the ownership of the note from the mortgage, resulting in the note becoming an unsecured debt, and the mortgage becoming a nullity. (Doc. 3 ¶ 8.). The Complaint is unclear as to whether any cloud exists and the Mattison's allegations are devoid of any factual support. There are not enough factual allegations to have a valid complaint in light of *Twombley* and *Iqbal*. The Mattisons have not pled any facts amounting to a cloud of title. Rather, the Complaint merely lists unsupported allegations that are not shown to be relevant to this action. (Doc. 3. ¶ 8, 9, and 10). The Mattisons' attempt to support this action by alleging an SEC investigation; however, such an allegation is unsupported with any citation. (Doc. 3 ¶ 9). Even assuming such a SEC investigation exists, this Court questions the relevance of the investigation to this action. The Mattisons' additional allegation that the Defendants failed to

return any of their correspondence is unsupported and fails to show how the lack of correspondence is relevant. (Doc. 3 ¶ 10).

The Mattisons have not only failed to state any facts that give their claim apparent validity and/or invalidity, the Mattisons have also failed to show that a cloud of title even exists. In order to show that a cloud of title exists, the Mattisons must plead: (1) "the matter which constitutes the alleged cloud" and (2) "facts . . .which give the claim apparent validity as well as those which show its invalidity." *Stark*, 67 So.2d at 239. "If the suit is brought to quiet and establish a title as against an unknown cloud . . .then the facts which show the apparent existence of a potential cloud should be alleged." *McDaniel v. McElvy*, 108 So. 820, 830 (Fla. 1926). The Mattisons failed to allege the existence, or apparent existence, of a cloud of title, and, therefore, do not have a valid Complaint. (Doc. 3).

b. *Insufficient Pleading*

The Mattisons have not alleged any facts that plausibly allege any impropriety with any assignment or original documentation which would require such an action. Under *Twombly*, The Mattisons Complaint fails to state enough facts where, if taken on their face, would entitle the Mattisons to relief. at *Twombly*, 550 U.S. 570. The Mattisons fail to state facts showing a cloud of title and, therefore, the Complaint fails. The Complaint fails to give the Defendants' fair notice of what the claim is and the grounds upon which it rests. *Erikson* at 551 U.S. 93. Accordingly, it is:

**ORDERED** that the Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND.** The Mattisons may amend their Complaint within ten (10) days of this and failure to do so will result in the dismissal of the suit without further notice. The parties also have thirty (30) days after the filing of any amended complaint to file a case management report.

5

**DONE and ORDERED** in Chambers, Tampa, Florida this 31st day of January, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:   All parties and counsel of record