UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK MATTISON AND
HEIDI MATTISON,

    Plaintiffs,

v.                                      Case No.: 8:11-cv-01336-EAK-TBM

HOMECOMINGS FINANCIAL, LLC f/k/a
HOMECOMINGS FINANCIAL NETWORK, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AURORA LOAN SERVICES, LLC,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE is before the Court on Defendants', MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and AURORA LOAN SERVICES, LLC ("Aurora") (collectively "Defendants"), Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law and Plaintiffs', MARK MATTISON and HEIDI MATTISON ("the Mattisons"), Motion in Opposition to Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law. This Order does not apply to Defendant HOMECOMINGS FINANCIAL, LLC f/k/a HOMECOMINGS FINANCIAL NETWORK, INC. ("Homecomings"), as that defendant has filed its Notice of Bankruptcy with this Court. For the reasons stated below, Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

The following facts, unless otherwise noted, are taken as true from the Plaintiffs' Amended Complaint. The Mattisons commenced an action for quiet title against Defendants on May 12, 2011, in the Thirteenth Judicial Circuit of Hillsborough County. (Doc. 28-1). On June 16, 2011, Defendants removed the state action to this Court pursuant to 28 U.S.C. § 1332(a)(1) diversity jurisdiction: Defendants and the Mattisons are citizens of different states, and the amount in controversy is more than $75,000. *Id.*

This action to quiet title is for property located at 5148 Pheasant Woods Drive, Lutz, Florida ("Property in Controversy"). The Mattisons have possession of and title to the Property in Controversy, which had a Note and Mortgage held by the Defendants and Homecomings. MERS is identified in the Mortgage as Nominee for Lender and as Mortgagee. Aurora purports to be the servicing agent for the Mortgage.

The Mattisons filed their original Complaint to quiet title and determine the Defendants' property rights to and interests in the Property in Controversy, alleging that Defendants no longer hold a valid Note or Mortgage. This Court granted the Defendants' Motion to Dismiss Complaint because of the Complaint's insufficient pleading and failure to demonstrate the existence of a cloud on title. The Mattisons responded by filing an Amended Complaint, and Defendants responded with a Motion to Dismiss Amended Complaint. The Mattisons then filed their Response in Opposition to Defendants' Motion to Dismiss Amended Complaint.

In the Amended Complaint, Plaintiffs base their quiet title claim on the allegation that Defendants have separated the Note from the Mortgage, putting Plaintiffs at risk for any prior payments that "have not been properly given to the holder/owner of the Note." Plaintiffs rely on a Florida Supreme Court decision, *Scott v. Taylor*, 59 So. 30 (Fla. 1912), to support their claim

that Defendants' separation of the Note from the Mortgage creates a cloud on title on the Property in Controversy.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings are held to minimal requirements and may not simply consist of "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Therefore, "[t]hreadbare recitals of the elements of a cause of action" will not suffice unless they are supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court "must accept as true all of the allegations contained in a complaint," but it does not have to accept as true a plaintiff's legal conclusions. *Id.* Legal conclusions can "provide the framework of a complaint" but "must be supported by factual allegations." *Id.* at 679.

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a "probability requirement." *Id.* A court must only find something more than a "sheer possibility that a defendant has acted unlawfully." *Id.*; *Twombly*, 555 U.S. at 563 (quoting *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40

F.3d 247, 251 (7th Cir. 1994)) ("[O]nce a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'").

This Court shall limit its considerations to the pleadings, and consideration of the pleadings shall be viewed in the light most favorable to the plaintiff. *Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 618 (2003).

## DISCUSSION

Defendants argue, in their Motion, that Plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint as amended still fails to state a claim against Defendants for quiet title or declaratory relief. Defendants assert three arguments supporting their claim that the Amended Complaint is subject to dismissal: 1) Plaintiffs' Amended Complaint fails to state a cause of action because it does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure; 2) Plaintiffs' Amended Complaint does not satisfy the requirements for a quiet title claim; and 3) As Plaintiffs' quiet title claim fails, so does Plaintiffs' claim for declaratory relief. Here, all three of Defendants' arguments fail.

### I. Plaintiffs' Amended Complaint Complies With Rule 8(a)(2) of the Federal Rules of Civil Procedure

Defendants argue that Plaintiffs' Amended Complaint should be dismissed with prejudice because it does not plead adequate factual allegations to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Here, Plaintiffs' Amended Complaint properly states a claim for which relief may be granted and provides factual allegations to support the assertion that a cloud on title exists on Plaintiffs' Property in Controversy. The Amended Complaint does contain a "[t]hreadbare

recital" of a necessary element of Plaintiffs' quiet title claim—that a cloud on title exists on the Property in Controversy. (Doc. 29, ¶ 12). However, Plaintiffs supplemented this assertion, or legal conclusion, with factual allegations.

In the Amended Complaint, Plaintiffs stated that, although they had been making mortgage payments to Homecomings, Aurora directed Plaintiffs to make future payments to it. *Id.* at ¶ 6. After failed attempts to negotiate with Aurora, according to the Amended Complaint, Plaintiffs discovered that Aurora lacked the authority to negotiate the Note and Mortgage. *Id.* at ¶ 7. Plaintiffs also stated in the Amended Complaint that Aurora did not respond to Plaintiffs' requests to obtain copies of the original Note and Mortgage. *Id.* at ¶ 8. Plaintiffs later learned through MERS' website that neither Homecomings nor Aurora owned the Note and Mortgage, and that a third party, Deutsche Bank National Trust Company Americas, possibly owned the Note. *Id.* at ¶ 9. Plaintiffs further allege that it is unclear who, if anyone, actually owns or holds the Note because Defendants have also given Plaintiffs unverified copies of the Note, which appear to be endorsed in blank. *Id.* at ¶ 10. Plaintiffs, relying on *Scott v. Taylor* and their previous factual allegations, allege that the uncertainty as to who holds or owns the Note and Mortgage prevents negotiations with the owner of said Note and Mortgage, and creates a cloud on the Property in Controversy. *Id.* at ¶¶ 11-12. These assertions meet the minimum level of factual support for Plaintiffs' Amended Complaint to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Plaintiffs' claim that a cloud on title exists on the Property in Controversy is also plausible on its face because, taking Plaintiffs' factual allegations to be true, there is "more than a sheer possibility" that Defendants' separation of the Note from the Mortgage lead to uncertainty that could affect or impair the Plaintiffs' title to the Property in Controversy.

Therefore, Plaintiffs' Amended Complaint complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

II. **Plaintiffs' Amended Complaint Satisfies the Requirements for a Quiet Title Claim**

The Florida Supreme Court has noted that "in a suit to quiet title against an alleged cloud," there are requirements for the complaint in addition to containing sufficient factual allegations to show a cause of action. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). The complaint must also show that: 1) the plaintiff holds title to the property in question; and 2) a cloud on title exists. *Id.* A plaintiff must show not only the matter that constitutes the alleged cloud, but also must allege facts that "give the claim apparent validity as well as those [that] show its invalidity." *Id.*

This Court dismissed the Mattisons' original Complaint because it did not contain sufficient factual allegations to show a cause of action and did not show the existence of a cloud on title. As previously discussed in this Order, Plaintiffs' Amended Complaint adequately pleads facts showing a cause of action, and it is undisputed that Plaintiffs hold title to the Property in Controversy. Accordingly, Plaintiffs must only show that a cloud on title exists for this Court to accept the Amended Complaint as sufficiently plead.

Plaintiffs' Amended Complaint adequately shows that a cloud on title exists on the Property in Controversy. Plaintiffs plead sufficient factual allegations, which this Court must accept as true, that show the matter constituting the alleged cloud—the Defendants' separation of the Note from the Mortgage. (Doc. 29, ¶¶ 5-11). Plaintiffs have shown that the uncertainty as to who actually owns or holds the Note and Mortgage could plausibly create a cloud on title that entitles Plaintiffs to relief. Plaintiffs allege facts that give their cloud on title claim apparent validity, such as Aurora's inability to negotiate the Note and Mortgage, Plaintiffs' discovery that

neither Homecomings nor Aurora owned the Note and Mortgage, and Plaintiffs' receipt of unverified copies of the Note that do not show who, if anyone, owns or holds the Note. Plaintiffs show the cloud on title claim's invalidity by alleging their good-faith efforts to contact, locate, and negotiate with the true owner of the Note and Mortgage. *Id.* at ¶¶ 7-9. Therefore, Plaintiffs' Amended Complaint satisfies the requirements for a quiet title claim.

### III. As Plaintiffs' Quiet Title Claim Does Not Fail, Defendants' Argument About the Declaratory Relief Claim is Moot

Defendants argue that the Mattisons' "declaratory action dies with their quiet title claim." (Doc. 37-5). As this Court finds that Plaintiffs' Amended Complaint is sufficiently plead and meets the requirements for a quiet title claim, Defendants' argument about the failure of Plaintiffs' claim for declaratory relief is dismissed as moot.

### IV. Conclusion

As Defendants advance no reasoning this Court finds convincing as to why their Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law should be granted, and this Court's finding that Plaintiffs' Amended Complaint is adequately plead, the Defendants' Motion to Dismiss Amended Complaint is denied. If down the road this Court finds that Plaintiffs made bad-faith factual allegations in their Amended Complaint or otherwise, Federal Rule of Civil Procedure 11 sanctions will be imposed to rectify the situation. Accordingly, it is:

**ORDERED** that the Plaintiffs', MARK MATTISON and HEIDI MATTISON, Motion in Opposition to Defendants' Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law be **GRANTED** and Defendants', MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and AURORA LOAN SERVICES, LLC, Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law be **DENIED**. The active defendants have ten days from the date of this order to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 3rd day of July, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record